IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| FASTSERVERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TLDS, L.L.C., d/b/a SRSPlus, Colo4Dallas, L.P., Hostfresh, John Doe I (westras2003@yahoo.com), John Doe II, John Doe III, John Doe IV, John Doe V, John Doe VI, John Doe VII, John Doe VIII, John Doe, IX, John Doe X, <br><br> Defendants. | No. C07-2057 <br><br> **REPORT AND RECOMMENDATION** |

This matter comes before the Court on the Ex Parte Motion for Temporary Restraining Order and to Set Hearing for Preliminary Injunction (docket number 4) filed by the Plaintiff on August 30, 2007. The Motion was referred to the undersigned United States Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. RELEVANT FACTS

On August 29, 2007, Plaintiff Fastservers, Inc. ("Fastservers") filed a Complaint (docket number 1) claiming that "[o]n or about August 28, 2007, an internal passwords database, containing sensitive client information, belonging to Fastservers was misappropriated from Fastservers internal computer network."[1] In Count I of its Complaint, Fastservers claims that it is entitled to an injunction, requiring immediate removal of certain information from Defendants' website. Count II of the Complaint alleges entitlement to money damages for intentional interference with business

---

[1] *See* Complaint and Jury Demand (docket number 1) at 3, ¶ 10.

relationships, and Count III requests money damages for misappropriation of trade secrets. A Summons (docket number 3) was issued, but apparently remains unserved.

On August 30, 2007, Fastservers filed its instant Motion for Temporary Restraining Order and to Set Hearing for Preliminary Injunction. Fastservers requests that, following hearing, the Court "enjoin the posting of the misappropriated information until after final hearing of this case."[2] Prior to the hearing on preliminary injunction, Fastservers requests that the Court enter a temporary restraining order, requiring Defendants to "terminate, suspend, or otherwise remove the website with a URL of http://spider.gucciservice.biz/cracked.htm."[3] (The Court notes parenthetically that it tried repeatedly to open the website referred to by Fastservers, without success.)

## II. ANALYSIS

A preliminary injunction may not be issued without notice to the defendants. FED. R. CIV. P. 65(a)(1) ("No preliminary injunction shall be issued without notice to the adverse party."). Accordingly, I believe that Plaintiff's Motion for Preliminary Injunction should be promptly set for hearing, with appropriate notice given to Defendants.

A temporary restraining order ("TRO"), however, may be granted without notice to the adverse party pursuant to FED. R. CIV. P. 65(b).

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED. R. CIV. P. 65(b).

---

[2] See Complaint and Jury Demand (docket number 1) at 5.

[3] See Complaint and Jury Demand (docket number 1) at 4.

As required by the first prong of the two-part test set forth in Rule 65(b), the facts urged in support of a TRO must be shown "by affidavit or by the verified complaint." Fastservers has not filed an affidavit in support of its request for a TRO, nor is the Complaint "verified." *See* 28 U.S.C. § 1746. Accordingly, I believe that Fastservers has failed to comply with a necessary requirement of Rule 65(b) and, therefore, its request for TRO should be denied.

In summary, I believe that Plaintiff's Motion for Preliminary Injunction should be set for hearing, with appropriate notice given to Defendants. It is my further recommendation, however, that Plaintiff's request for TRO be denied.

### *III. RECOMMENDATION*

For the reasons set forth above, I respectfully recommend that the District Court **DENY** Plaintiff's request for a temporary restraining order. It is my further recommendation, however, that Plaintiff's request for preliminary injunction be promptly set for hearing, with appropriate notice given to Defendants.

DATED this 31st day of August, 2007.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA